# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1593 | **DATE** | 4/12/2012 |
| **CASE TITLE** | Dustin Clay (R-23623) v. Charles Downs, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's prison trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center and shall issue summons for service of the complaint by the U.S.. Marshal on Defendants Charles Downs, Sergeant Joe Encarnarcion, Lieutenant Clarence Wright, and Dr. Partha Ghosh. The other Defendants are dismissed. The clerk shall also forward to Plaintiff a consent form to proceed before a Magistrate Judge and instructions as to how file documents in this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

   Plaintiff Dustin Clay, currently incarcerated at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 suit against Stateville Officer Charles Brown, Sergeant Encarnarcion, Lieutenant Clarence Wright, Warden Marcus Hardy, Drs. Ghosh and Carter, Wexford Health Sources, Colleen Franklin, Anna McGee, and Jackie Miller. Plaintiff alleges the following. On December 1, 2010, Officer Brown placed his forearm against Plaintiff's throat for no reason other than to show off to a new officer. Plaintiff submitted a grievance to Warden Hardy. Brown retaliated against Plaintiff by conducting "shakedowns" (searches) of Plaintiff's cell. Plaintiff complained to Wright and Encarnarcion, the supervisors in charge of Plaintiff's unit and Brown's supervisors, but Wright and Encarnarcion ignored Plaintiff's complaints. Plaintiff attempted to obtain medical treatment for his throat and shoulder. Plaintiff wrote to Dr. Ghosh and Wexford, to get medical attention, but his requests were ignored. Franklin and McGee are grievance officers and delayed with their responses to grievance, which Plaintiff claims interfered with his access to the grievance process. One of his grievances was forwarded to Springfield, where Administrative Review Board member Miller denied it as untimely. Attached to his complaint are requests for medical treatment directed to Dr. Ghosh, complaints to Warden Hardy about the 12/1/11 incident, and grievances seeking additional medical attention following treatment he received on 12/2/11.

   Plaintiff's *in forma pauperis* ("IFP") reveals that he cannot prepay the $350 filing fee. The Court grants the motion and assesses an initial filing fee of $10.30. The trust fund officer Plaintiff's place of confinement shall collect the partial filing fee from Plaintiff's trust fund account, when funds are available, and pay it directly to the clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds

isk

| STATEMENT (continued) |
|---|

account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff shall remain obligated for this filing fee and Stateville officials shall notify transferee authorities of any outstanding balance in the even Plaintiff is transferred.

The Court has conducted a preliminary review as required under 28 U.S.C. § 1915A. The above described allegations state colorable claims against Officer Brown. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (addressing the elements of an excessive force claim); *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) (addressing the elements of a retaliation claim). Plaintiff has also stated colorable claims against Sgt. Encarnarcion and Lt. Wright. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (supervisors who condone, facilitate, or turn a blind eye to unconstitutional conduct of a subordinate officer may be subject to § 1983 liability). Plaintiff complaint also suggests an allegation that his requests to Dr. Ghosh for medical attention were ignored. Plaintiff's complaint thus may proceed against these Defendants.

However, the complaint fails to state claims against the other Defendants. Plaintiff names Defendants Franklin, McGee, and Miller for either their denial or handling of Plaintiff's grievances. There is no constitutional right to a prison grievance system. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). Nor is an official's denial of a prisoner's grievances, itself, a basis for a § 1983 claim. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not") (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)). Similarly, Plaintiff's claims against Wexford and Warden Hardy are also denied. While Plaintiff states that he wrote to Wexford to obtain medical attention and to Hardy to complain about Brown's use of excessive force, not every official who knows of a constitutional violation but fails to cure it is subject to § 1983 liability. *George*, 507 F.3d at 609. As stated above, Plaintiff may proceed with his claims against Brown's immediate supervisors, Wright and Encarnarcion, and his claims against Dr. Ghosh; however, his claims against Wexford and Hardy, as well as Franklin, McGee, and Miller, simply seek to sue every person to whom Plaintiff complained, which Plaintiff cannot do. *See Burks*, 555 F.3d 595 (not every person an inmate writes a letter to complaining about his conditions is subject to § 1983 liability). Dr. Carter is also dismissed as Plaintiff's complaint names Dr. Carter but asserts no allegations against this person. Accordingly, Wexford, Hardy, Franklin, McGee, Miller, and Dr. Carter are dismissed as Defendants. Plaintiff may proceed with his claims against Officers Brown, Wright, Encarnarcion, and Dr. Ghosh, who should respond to only the claims against them.

The United States Marshals Service is appointed to serve Officers Brown, Wright, Encarnarcion, and Dr. Ghosh,. Any forms necessary for the Marshal to serve Defendants shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of the Defendants. With respect to former employee who no longer can be found at Stateville Correctional Center, officials there shall provide the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt to serve Defendants with personal service.

Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. Counsel is not warranted at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).