# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1593 | **DATE** | 7/12/2012 |
| **CASE TITLE** | Dustin Clay (R-23623) v. Charles Downs, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for reconsideration [7] is construed as a motion for relief from judgment under Fed. R. Civ. P. 59(e) and is granted in part and denied in part. Wexford Health Sources is brought back in as a Defendant and the clerk shall issue summons for service of the complaint on this Defendant. Warden Marcus Hardy and Dr. Wright remain dismissed. Defendants Downs, Wright, and Encarnacion's motion for an extension of time to respond to the complaint [26] is granted. Their response is due August 3, 2012. Status hearing is set for September 12, 2012 at 9:00 a.m.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Dustin Clay, currently incarcerated at the Stateville Correctional Center, seeks this Court to reconsider its preliminary review order of April 12, 2012, wherein his complaint was allowed to proceed against four Defendants while six Defendants were dismissed. Plaintiff's motion seeks to bring back Warden Marcus Hardy, Wexford, and Dr. Carter. Plaintiff contends that he alleged valid claims against these Defendants, such that they should not have been dismissed.

Fed. R. Civ. P. 59(e) allows a court to alter or amend a judgment if the plaintiff demonstrates a manifest error of law with the judgment or he presents newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff's description of his claims in his complaint consists of a seven-page narrative focusing on an alleged assault by Stateville Officer Downs (incorrectly referred to as Brown by the court in its 4/12/12 order), Plaintiff's inability to receive medical attention after the assault and after Plaintiff complained to Dr. Ghosh, Plaintiff's inability to have Downs disciplined, Downs' retaliation for Plaintiff filing grievances about Downs' actions, and Sergeant Joe Encarnarcion and Lieutenant Clarence Wright's (Downs' supervisors) alleged failure to intervene with Downs' retaliation of Plaintiff. The court allowed the complaint to proceed against Downs, Encarnarcion, Wright, and Dr. Ghosh.

As to Warden Marcus Hardy, Plaintiff alleges that "he wrote the warden Marcus Hardy about him not receiving medical care for his serious medical needs, Warden Hardy did not answer his letter." (Compl. at 3.) As previously noted in its April 12, 2012, order, not "everyone who knows about a prisoner's problems must pay damages." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "[T]he Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Id.*, citing *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993). Following Plaintiff's allegation that he wrote Hardy a letter, Plaintiff asserts that he filed a
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

grievance about his need for medical care, to which "the health care [unit] said that they did not think that Plaintiff needed follow up treatment." (Compl. at 3.) Given that Plaintiff alleges that health care personnel responded to his grievances about his need for medical attention (even if the response was insufficient), Plaintiff's allegation that Hardy did not respond to one letter about his need for medical attention does not give rise to a constitutional claim of deliberate indifference. *See Burkes*, 555 F.3d at 595; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Hardy thus remains dismissed.

As to Wexford, however, Plaintiff alleges that his requests for medical attention were denied or ignored because Wexford "has an unwritten policy . . . they give a little bit of treatment in the hope that it will satisfy a court of law, but what they are actually doing is turning a blind eye to the deliberate denial of medical treatment." (Compl. at 4.) Plaintiff goes on to complain that health care officials employed by Wexford continued to deny Plaintiff treatment without examining him by blindly stating that no follow-up treatment was needed. (*Id.* at 4-5.) Although somewhat conclusory, such allegations sufficiently state a custom and/or policy claim against Wexford. *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (private contractors that provide medical services to prisoners are treated like municipalities for purposes of § 1983 and may be held liable for an unconstitutional policy or custom); *Roe v. Elyea*, 631 F.3d 843, 861–67 (7th Cir. 2011) (supervisory organization may be held liable for an unconstitutional policy or custom it implemented or allowed). Accordingly, the Court will allow the claim against Wexford and grants Plaintiff's request to bring Wexford back into this case.

As to Dr. Carter, a review of the complaint reveals no allegations against him. Dr. Carter thus remains dismissed.

Accordingly, Plaintiff's motion for reconsideration, construed as a motion for relief from judgment, is granted in part and denied in part. Plaintiff may proceed with his claims against Wexford. The claims against Hardy and Dr. Carter remain dismissed. The clerk shall issue summons for service of the complaint on Wexford. If Wexford is represented by the same attorneys who represent Dr. Ghosh, the court requests that the attorneys enter an appearance for Dr. Ghosh and execute a waiver of service.